IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER J. ACEVEDO-RODRIGUEZ, Plaintiff, v. JOSE LUIS CUEVAS-RAMOS, et al. Defendants. | CIVIL NO. 24-1139 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On March 21, 2024, Plaintiff Javier J. Acevedo-Rodríguez ("Plaintiff") filed the present *pro se* complaint utilizing the form for prisoner civil rights complaints under 42 U.S.C. Sec. 1983 even though Plaintiff recognizes his grievances are not related to the institution where he is currently incarcerated at the state level. Plaintiff was allowed to proceed *in forma pauperis*. (Docket Nos. 3 and 6).

On April 19, 2024, the Court issued an order denying without prejudice Plaintiff's request for appointment of counsel. The Court stated the following:

> A review of the pro-se Complaint in this case shows that it raises the same allegations raised in the pro-se Complaint filed by Plaintiff against the same defendants in Civil. No. 23-1407 (RAM). These allegations relate to Defendants allegedly taking control of a business previously owned by Plaintiff along with his intellectual property kept and created for the business. Pro-bono counsel was appointed for Plaintiff in Civil No. 23-1407 (RAM), and she later withdrew from his legal representation. The presiding Judge in Civil No. 23-1407 (RAM) eventually dismissed the case without prejudice for lack of federal subject matter jurisdiction and for Plaintiff's failure to adequately comply with an Order. By May 24, 2024, Plaintiff shall show cause why this action should not be dismissed for lack of federal subject matter jurisdiction. Failure to file a timely response to this order in English shall result in dismissal of this action without prejudice. Because of

this order to show cause, the Court declines to appoint pro bono counsel at this time.

(Docket No. 9).

On May 29, 2024, Plaintiff filed a response to the order to show cause in an attempt to establish subject matter jurisdiction. (Docket No. 13). Plaintiff then supplemented his complaint with scant information about his copyright claims. (Docket Nos. 14 and 15).

This case is before the Court, *sua sponte*, for consideration of dismissal. Upon a liberal review of Plaintiff's Complaint, and his other filings, along with the entire record, the Court finds that this case should be dismissed with prejudice.

## DISCUSSION

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." See 28 U.S.C. § 1915 (e)(2)(B)(i-ii). See Maldonado-Arce v. Claro Puerto Rico, 17-cv-2134, 2018 WL 9801871, at *3 (D.P.R. Sept. 21, 2018) (citing 28 U.S.C. § 1915(e)(2)(B)). The First Circuit, while cautioning against hasty sua sponte dismissals, does allow for such action in cases burdened by frivolous claims or incurably defective pleadings. See Clorox Co. P.R. v. Procter & Gamble Com. Co., 228 F.3d 24, 30-31 (1st Cir. 2000). Frivolity, in this context, is understood as lacking an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989) (defining the meaning of "frivolous" under 28 U.S.C. § 1915).

**A. Plaintiff's Complaint is Malicious.**

A Court may dismiss a Complaint "as malicious if it duplicates claims raised by the same Plaintiff in previous or pending litigation." Emmett v. Hawthorn, 459 F. App'x 490, 491 (5th Cir. 2012) (citation omitted). An action is duplicative or malicious if it involves

"the same series of events" and allegations of "many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (reiterating that "repetitious litigation of virtually identical causes of action is subject to dismissal … as malicious.") (internal quotations and citations omitted).  See Uzamere v. United States, No. CA 13-505 S, 2013 WL 5781216, at *17 (D.R.I. Oct. 25, 2013); Prall v. Bush, CA 10-16 S, 2010 WL 717780, at *5-6 (D.R.I. Mar.1, 2010); Daley v. U.S. Dist. Court Dist. of Delaware, 629 F.Supp.2d 357, 359-60 (D.Del. 2009); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

The instant case is the third case that Plaintiff has recently filed before this Court. On August 26, 2023, Plaintiff filed Javier J. Acevedo-Rodríguez v. Eduardo Luis Cuevas-Natal, et al, Civil No. 23-1407 (RAM) (Sec. 1983 civil action) which was dismissed without prejudice on January 19, 2024.  (Civ. 23-1407 (RAM), Docket Nos. 31 and 32).  On September 13, 2023, Plaintiff filed a second case, to wit, Javier J. Acevedo-Rodríguez v. Roberto Rivera-Pagán, et al, Civil No. 23-1467 (MAJ) (Sec. 1983 civil action) which was dismissed without prejudice on February 21, 2024. (Civ. 23-1467 (MAJ) (Docket Nos. 23 and 24).  Plaintiff did not appeal these two (2) cases.

It is worth mentioning that the same *pro bono* counsel was appointed in both prior cases, and she withdrew her representation in both cases because Plaintiff's claims were "not warranted under existing law and cannot be supported by good faith arguments to support federal subject matter jurisdiction of his claims." *Pro bono* counsel recognized that both prior cases were nearly identical.  (Civ. 23-1407 (RAM), Docket No. 25, p. 2) and Civ. 23-1467 (MAJ), Docket No. 21, pp. 2-3).

On March 21, 2024, one (1) month after his second prior case was dismissed, Plaintiff filed the instant case. (Docket No. 3). A review of Plaintiff's claims in this case shows that they are the same claims previously raised by him in the two (2) prior cases mentioned above which were dismissed and in which his *pro bono* counsel candidly admitted to the Court that there was a lack of federal subject matter jurisdiction. There is no doubt that Plaintiff's claims arise in this case from the same series of events and his allegations consist of many of the same facts of his earlier cases. Thus, the Court finds that Plaintiff's claims are malicious, and dismissal is appropriate.[1]

**B. Lack of Subject Matter Jurisdiction**.

The present Complaint suffers from the same deficiencies which led Hon. Judge Raúl M. Arias-Marxuach to dismiss the complaint in Civ. No. 23-1407 (RAM). (Docket No. 31).[2] In sum, the Court lacks subject matter jurisdiction because Plaintiff makes no assertion of diversity jurisdiction under 28 U.S.C. Sec. 1332(a). Moreover, Plaintiff's invocation of intellectual property laws is not sufficient to confer federal question jurisdiction for the same reasons explained by Judge Arias-Marxuach in Civil. No. 23-1407 (RAM) (Docket No. 31, pp. 2-4). For brevity and judicial economy, the Court will not reinvent the wheel and repeat the same reasons already thoroughly explained by Judge Arias-Marxuach which warranted dismissal of Plaintiff's claims in said case and in the instant case, which is almost identical. Plaintiff is aware of said prior dismissal and

---

[1] Plaintiff is entitled to "one bite at the litigation apple-but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also, Mani v. United Bank, 79 Mass. App. Ct. 1127, 949 N.E.2d 948 (Mass. App. Ct. 2011) ("litigants have one bite at the apple on their claims"); Quincy Mut. Fire Ins. Co. v. Atl. Specialty Ins. Co., No. Civ. 18-1868 (ADB), 2019 WL 3409980, at *6 (D. Mass. July 29, 2019) (same).

[2] The Court relies mostly on the decision by Judge Arias-Marxuach in Civ. 23-1407 (RAM) because the four (4) defendants in said case are the same four (4) defendants in this case.

Case 3:24-cv-01139-CVR   Document 17   Filed 06/28/24   Page 5 of 5

Javier J. Acevedo-Rodríguez v. José Luis Cuevas-Ramos, et al.
Opinion and Order
Civil No. 24-1139 (CVR)
Page 5
_____

decided to file the present case at his own peril knowing there is no federal subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the instant case is DISMISSED WITH PREJUDICE as malicious, frivolous, and for failure to state a claim under 28 U.S.C. Secs. 1915(e)(2)(B)(i-ii). The Court declines to appoint *pro bono* counsel because this case is dismissed.

IT IS SO ORDERED.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, on this 28th day of June 2024.

                                          S/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES DISTRICT JUDGE